# CASES DECIDED

IN THE

# Supreme Court of Georgia.

## MARCH TERM, 1892.

---

### JOHNSON v. DUNCAN.

1. The premises in controversy being a portion of that part of lot of land No. 277 in the thirteenth district and third section of Gordon county lying west of the Dalton public road, and the description in a deed of conveyance offered in evidence by one of the parties being "all that tract or parcel of land lying west of the Dalton public road, said to contain 80 acres, more or less, situated, lying and being in the 13th district and 3d section of Gordon county, and being the west portion of lot of land number 279," the deed was admissible in evidence, inasmuch as a part of the description contained therein, to wit "lying west of the Dalton public road," would be applicable to the premises in controversy; and whether "279" was a clerical error, and written by mistake for "277," would be a question for the jury, there being nothing tending to show that any portion of lot No. 279 lay west of the Dalton road, and consequently nothing to show that the whole of the description set out in the deed would apply to any premises whatsoever.

2. In an action for the recovery of 10 acres of land a verdict having been rendered for the plaintiff for "the premises in dispute," on evidence showing that only a portion of the land claimed in the declaration was actually in dispute between the parties, but judgment having been entered up for the whole 10 acres, it was not error, on a motion for a new trial, made by the defendant, to allow the plaintiff to write off from the judgment the excess above the land actually contended for, and reduce the recovery accordingly by proper terms of description. Altering the judgment by leave of the court so as to embrace only the less quantity, is equivalent to writing off from the verdict.

3. Proceedings by way of processioning, commenced after the verdict by the losing party, and still pending in the superior court,

v 90-1

cannot avail for the purpose of showing that the verdict was erroneous.

4. The evidence warranted so much of the verdict as the trial court upheld, and there was no error in refusing a new trial.

October 1, 1892

Ejectment     Evidence.     Deed.     Verdict.     Judgment. Processioning     Before Judge MILNER.     Gordon supe-rior court.     August term, 1891.

Complaint for land described as 10 acres on and along the south side of lot of land number 277 in the 13th district and 3d section of Gordon county. The jury found for the plaintiff "the premises in dispute." The defendant moved for a new trial, which was denied. Besides the grounds that the verdict is contrary to law and evidence, the motion alleges that the verdict is, in effect, a finding that the defendant was in possession of 10 acres of land lot 277, and that the line between his lot of land, of which he is in possession (No. 300) and which lies immediately south of and adjoining the plain-tiff's lot, runs far enough south to leave 10 acres of lot 277 in his possession; whereas there was no evidence that he was or ever had been in possession of more than a strip of 2 or 3 acres of lot 277, and there is no evi-dence at all to justify the verdict, and the same is exces-sive and without any evidence to support it. One of the links in the plaintiff's chain of title, as shown by the abstract attached to the declaration, was a deed, dated December 15, 1879, from B. A. Hooper to J. N. Hooper. It was admitted in evidence over the defend-ant's objection. The land thereby conveyed is described as 80 acres lying west of the Dalton public road, being in the thirteenth district and third section of Gordon county, and being the west portion of land lot 279. The objection was that this was not a conveyance of plaintiff's lot, No. 277. There were in evidence a deed from B. F. Roberts to J. N. Hooper and B. A. Hooper, dated November 6, 1880, conveying 80 acres with the

same description, except that the land is called "part of lot No. 277," and a deed from J. N. Hooper to Mary Duncan, dated October 12, 1881, conveying the same as the deed from Roberts.

The remaining grounds for new trial are as follows: On July 16, 1891, pending this motion, the processioners duly appointed for the militia district in which the land in controversy lies, met with the county surveyor on movant's lot No. 300, and proceeded according to law to procession the lines around his lot. This processioning was upon the application of movant, legal notice in writing having been previously served on all the owners of all the lands adjoining his lot, including respondent, Mary Duncan, 10 days prior to the day on which the processioning was had. The return of the processioners was afterwards filed as required by law, and the lines of movant's lot, as surveyed and platted by them and the surveyor, include as a part of lot No. 300 all of the lands now in controversy, and show that the respondent is not entitled to recover from movant any part of the premises in controversy. He submits to the court the certified plat of the surveyor and processioning as verification of this ground.

The judgment entered upon the verdict was, that the plaintiff recover of the defendant the premises in dispute, to wit: all that part of land lot 277 "now in the possession of J. A. Johnson, the defendant, the same being ten acres of land on and along the south side of said land lot." On the hearing of the motion for a new trial the respondent proposed to write off from the original judgment so much of the same as is in excess of the number of acres as actually lie between the disputed lines known as the "Smith survey" and the "Fite survey," respondent claiming only that part or parcel of lot 277 that lies along and north of the Fite line that was and is in the possession of the movant. The movant ob-

jected to this, and insisted that the practice of writing off to prevent the grant of a new trial applies only to verdicts for money, and is not allowable in this case, the verdict being a specific one for land, and the question of title being involved. This objection was overruled, and the defendant assigns this ruling as error, insisting that the title to the land could not be thus divested out of the respondent, and vested in him against his will, by her sole act, and for the sole purpose of preventing him from asserting before a jury his title to the lands not written off. He further says that the court erred in holding that this proposition to write off amounted to anything, and in accepting it, and allowing the respondent's counsel to enter the same of record, and in reciting the same in the judgment overruling the motion for a new trial as an accomplished fact of writing off. This judgment recites that the land remaining that lies between the Smith and Fite lines is 1½ acres, more or less.

McCUTCHEN & SHUMATE, for plaintiff in error.
J. C. FAIN and W. R. RANKIN, contra.