## 23827. HARMON v. FIRST NATIONAL BANK OF COLUMBUS.

DECIDED OCTOBER 16, 1934.

*Linton B. West,* for plaintiffs in error.   *G. Y. Harrell,* contra.

GUERRY, J.   On January 31, 1929, W. L. Harmon executed a security deed to the Bank of Weston to secure a note in the sum of $2926.60, and in said deed conveyed certain land in words as follows:   "All of lot of land number 105, lying and being in the 19th land district of Stewart County, Georgia, containing 202-1/2 acres, more or less, together with all improvements, and being the lot upon which I now reside."   This security deed was duly recorded and was afterwards properly transferred to the First National Bank of Columbus, Georgia.   W. L. Harmon having defaulted in payment, the bank, in the exercise of the power of sale contained in the security deed, advertised said property for sale in accordance with the provisions of said deed, and at said sale became the purchaser thereof. A warrant of eviction was brought against W. L. Harmon and his wife, to whom he had subsequently made a deed to lot number 104 in said district.   In the affidavit it was alleged that W. L. Harmon and his wife were in possession of lot of land number 104 in the 19th district of Stewart County, Georgia, and that said lot 104 is the land lot on which the dwell-

ing-house and tenant houses and barns, together with all other improvements, are located, and that said W. L. Harmon was living thereon on January 31, 1929, and that said lot 104 is the property of the First National Bank and said named parties are tenants at sufferance of said bank. A counter-affidavit was filed, entering a general denial. The evidence disclosed that W. L. Harmon and his wife lived on lot of land number 104, containing 202-1/2 acres, in the 19th district of Stewart County, Georgia, since 1920 and up to the time of the trial, and that they had never lived on lot number 105 in said district, and that title to lot 104 became vested in Harmon in 1920. Possession, but no title, as to lot 105 was also shown in Harmon. A verdict was directed in favor of the plaintiff.

The entire question presented is whether the description in the security deed conveyed to the grantee lot number 105; or did it convey lot 104 on which the grantor was living at the time and has continued to live, the evidence showing that W. L. Harmon, the grantor, was in possession of and operating both lots of land? The dwelling and most of the improvements being on lot number 104, does the description by lot number take precedence over the description "being the lot upon which I now reside?"

This case may seem on first impression to be an action respecting title to land, and, if so, this court is without jurisdiction of the case. In the case of *Radcliffe* v. *Jones,* 174 *Ga.* 324 (162 S. E. 679), it was held: "Where a dispossessory warrant is sued out to evict a tenant, who in his counter-affidavit alleges facts which are only defensive in character, and no equitable relief is prayed, the action is a statutory one falling within the jurisdiction of the Court of Appeals, and not within the jurisdiction of this court." The Court of Appeals therefore has jurisdiction of the case.

Did the grantees in the security deed from Harmon secure the title to lot number 105 as described therein, or did they secure the title to lot number 104 on which Harmon lived and which contained most of the improvements? Under the evidence as it appears in the record the description is inconsistent. Section 4187 of the Civil Code (1910) is as follows: "If two clauses in a deed be utterly inconsistent, the former must prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." The Supreme Court in dis-

cussing this principle, in *Thompson* v. *Hill,* 137 *Ga.* 308 (73 S. E. 640), said: "It was an ancient maxim that the first deed and the last will prevails. Shep. Touch. 88. This principle was applied to inconsistent clauses in the same instrument, so that the former of such clauses prevailed in case of a deed, the latter in case of a will. The trend of modern authorities is toward restricting the operation of this rule, so as to give effect to every part of a deed if possible; and if this can not be done, and there is an obvious intent derivable from the face of the instrument, the tendency is to reject only superadded parts which are repugnant thereto, if it can be done without violating some rule of law." Quoting further: "Out of this disposition to give effect to an instrument, where practicable, doubtless arose the maxim, 'Falso demonstratio non nocet cum de corpore constat' (mere false description does not vitiate, if there be sufficient certainty as to the object). Characteristic cases within the rule, as strictly applied, were those where the description, so far as it was false, applied to no subject, and, so far as it was true, applied only to one subject. But in pursuance of the current of modern authority above mentioned, it has become settled law that if the thing intended to be granted appears clearly and satisfactorily from any part of the description, and other circumstances of description are mentioned which are not applicable to that thing, the grant will not be defeated." One of the rules laid down for the determination of whether a deed shows on its face what was the thing so intended to be granted is, "What is most material and most certain in a description shall prevail over that which is less material and less certain." *Thompson* v. *Hill,* supra. "Where all other means of ascertaining the true construction of a deed fail, and a doubt still remains, that construction is rather to be preferred which is most favorable to the grantee." *Thompson* v. *Hill,* supra. In the construction it becomes important to consider whether the number of the lot was the important thing in the deed. In *Summerlin* v. *Hesterly,* 20 *Ga.* 689 (65 Am. D. 639), an entry of levy by a sheriff on several lots of land described one of them as being "fractional lot, whereon John Smith now lives, No. 81, in the 4th district of originally Coweta, now Heard County," and this description was held to refer to the lot whereon John Smith resided at the time, although the number named therein was incorrect. The sheriff's deed to the number of the lot was rejected as in-

accurate, leaving the remaining description to stand. The same principle was followed in *Johnson* v. *McKay,* 119 *Ga.* 196 (45 S. E. 992, 100 Am. St. R. 166). In that case a general description of the property as "Zachariah Emerson place" was held sufficient, and the reference to lot number 125, which was not contained in the "Emerson place" was treated as surplusage. If a place is described by name, it can be proved what land was known by that name. Extrinsic evidence is admissible to apply the description to the subject-matter. *McAfee* v. *Arline,* 83 *Ga.* 645 (10 S. E. 441); *Polhill* v. *Brown,* 84 *Ga.* 338 (10 S. E. 921); *Harris* v. *Hull,* 70 *Ga.* 831; *Broach* v. *O'Neal,* 94 *Ga.* 474 (20 S. E. 113). The cardinal rule in the construction of a deed is to ascertain the intention of the parties. *Ball* v. *Wallace,* 32 *Ga.* 170; *Huie* v. *Mc-Daniel,* 105 *Ga.* 319 (31 S. E. 189). The entire deed must be construed together. *Goldsmith* v. *White,* 68 *Ga.* 334. It must be construed most favorably to the grantee. In *Ray* v. *Pease,* 95 *Ga.* 153 (22 S. E. 190), it was said: "It is a well settled rule of law that where the description in a deed is susceptible of different constructions, or where the deed contains two inconsistent descriptions, the grantee has a right of election between them, and when he exercises this right, the grantor is bound thereby; this rule being based upon the familiar principle of construction, that inasmuch as the fault is assumed to be in the grantor, if the terms of the description are uncertain, the deed shall be construed most favorably for the grantee." As early as the case of *House* v. *Palmer,* 9 *Ga.* 497, this principle was announced: "Deeds are to be taken most strongly against him who is the agent or contractor, inasmuch as the instinct of self-preservation will always make men sufficiently careful to protect themselves—verba fortius accipiuntur contro proferentem." See also *Shackelford* v. *Orris,* 129 *Ga.* 791 (59 S. E. 772); *Hatton* v. *Johnson,* 157 *Ga.* 313 (121 S. E. 404); *Holder* v. *Jordan Realty Co.,* 163 *Ga.* 645 (136 S. E. 907). In 18 C. J. 185, it is said: "If a mistaken or erroneous description is such that it can be disregarded and the property identified or sufficiently designated, or if the means of correcting the mistake is furnished from the same deed or other competent evidence, the deed is not void. Nor will the conveyance be defeated because other circumstances are added which are inapplicable or false, if from any part of the

description contained in the deed the premises intended to be conveyed clearly appear or can be shown by extraneous evidence."

From the undisputed evidence in this case it is apparent that Harmon has been living on lot number 104 in the 19th district of Stewart County since the year 1920. The evidence also discloses that Harmon has been in possession of lot number 104 under a deed from J. W. Barge since 1920, and his dwelling house is on said lot 104. He has made a good many improvements thereon, including a barn. There are also two tenant houses on 104. There is evidence that Harmon was in possession of lot number 105, on which was located two or three tenant houses, but the evidence is silent as to his title to lot 105. At the conclusion of the evidence the court directed a verdict in favor of the plaintiff. There is no exception to the direction of the verdict on the ground that there is a conflict in the evidence, and therefore the verdict is considered as if rendered by a jury. *Arnold* v. *Ragan,* 5 *Ga. App.* 254 (62 S. E. 1052); *Gay* v. *Peak,* 5 *Ga. App.* 583 (63 S. E. 650). The motion for a new trial complains of the introduction into evidence, over objection, of the deeds describing the property as lot number 105, and to the advertisement of lot number 104 under said deed. We are of the opinion that such evidence was properly admitted. The plaintiff in this case was the grantee. From the evidence, it is deducible that lot 104 had most of the improvements thereon. It was described as the lot on which the grantor was then living, and, the evidence showing that he had lived there since 1920, the grantee was justified in thinking that the lot conveyed to him contained the major part of the improvements. Even if the title to lot number 105 was in Harmon on January 31, 1929 (which does not appear from the evidence), the grantee was justified in thinking that the lot conveyed was the lot on which the improvements on the land were situated, and the grantor, the maker of the deed, may not say that the grantee can not now claim under the description,—"being the lot on which I now reside,"—and show that this description was the real intent and purpose of the parties at the time of the making of the deed. From what has been said, we are of the opinion that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*