of Floyd County, rendered that court a statutory city court, without jurisdiction to entertain or grant motions for a new trial. *Johnston* v. *Dollar*, 89 *Ga. App.* 876 (81 S. E. 2d 502). The trial judge therefore properly dismissed the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted February 14, 1955—Decided March 15, 1955.

*R. L. Scoggin, Maddox & Maddox,* for plaintiff in error.
*Chastine Parker, Solicitor-General, Horace T. Clary,* contra.

### 18862. Young *et al.* v. Looper.

Hawkins, Justice. Mrs. Inez E. Looper brought her action in Gordon Superior Court against Mrs. Mary L. Young and Calvin Young, to recover damages for an alleged trespass consisting of the cutting and removing of timber from lands claimed by the plaintiff, for the establishment of the dividing line between the lands of the plaintiff and defendants as coterminous owners, and for an injunction to restrain further trespasses by the defendants. The defendants by their answer denied that they had cut and removed any timber from the lands of the plaintiff, denied that the plaintiff was the owner of the land in dispute, and alleged that the land belonged to the defendant Mrs. Young. The jury returned a verdict in favor of the plaintiff for a stated sum as damages, and a decree was entered establishing the line claimed by the plaintiff as the dividing line between the parties, and that the defendants' claim to the land involved was invalid. To the judgment denying their motion for a new trial as amended the defendants except. *Held:*

1. The only charge to the jury with respect to their right to find in favor of the defendants was in the following language: "If you find from the evidence in this case, gentlemen, that the plaintiff is not entitled to recover; that the plaintiff has failed to carry the burden of proof as required by law, and that the property in dispute is not the property of Mrs. Looper, but is the property of Mrs. Young, in that event, it would be your duty to find a verdict for the defendants in the case." The charge as thus given in effect instructed the jury that, before they could return a verdict in favor of the defendants, the jury must find (1) that the plaintiff had failed to carry the burden of establishing her right to recover by a preponderance of evidence; and (2) that the plaintiff was not the owner of the property upon which the defendants were alleged to have committed the trespass; and (3) that the property belonged to the defendants—when the defendants would have been entitled to a verdict in their favor if any of these things appeared. The charge was therefore erroneous, confusing and misleading, as complained of in ground 2 of the amended motion; and, since the evidence did not demand a verdict in favor of the plaintiff, was such harmful error as to require the grant of a new trial. See, in this connection, *Harrell* v.

*Blackshear Manufacturing Co.,* 187 *Ga.* 531 (1 S. E. 2d 440); *Henderson* v. *Murray,* 42 *Ga. App.* 489 (156 S. E. 470).

2. Special ground 1 of the motion for a new trial, which complains that the charge of the court unduly emphasized and gave undue prominence to the plaintiff's right to recover, and to the contentions of the plaintiff with respect to her right to recover, without giving equal emphasis and prominence to the defendants' right to recover and their contentions with respect thereto, is without merit; and the third special ground complains of the failure of the court to give in charge to the jury a principle of law which can be covered by the charge on another trial.

3. The evidence was in conflict, and would have authorized, but did not demand, a verdict for either party.

*Judgment reversed. All the Justices concur.*

SUBMITTED FEBRUARY 15, 1955—DECIDED MARCH 15, 1955.

*Chance & Pope,* for plaintiff in error.