### 20676. MORGAN *et al. v.* LESTER.

HAWKINS, Justice. This is an ejectment suit in the fictitious form, brought by E. C. Lester against B. F. Morgan and J. B. Morgan, to recover all of fractional Land Lot 306 in the 8th District and 5th Section of Haralson County, Georgia, containing 127 acres, more or less, and alleging the following demises: a deed from I. M. Watson to the plaintiff, conveying an undivided one-half interest therein; a deed from Mina Watson to the plaintiff, conveying an undivided one-half interest therein; a deed from the Executors of the Estate of R. M. Strickland, deceased, to 27.55 acres in said Land Lot; and a deed from six named persons as the sole heirs at law of R. M. Strickland, conveying the said Land Lot to the plaintiff. The jury returned a verdict for the plaintiff, and to the judgment denying their motion for a new trial as amended the defendants except. *Held*:

1. The first ground of the amended motion for a new trial complains of the admission in evidence of a certified copy of a deed, dated March 3, 1886, and recorded January 18, 1887, conveying the following described property: "all that tract or parcel of land lying and being in One in the 8th District, 5th Section originally Carroll now Haralson County containing One Hundred and Twenty-Seven acres more or less Number (306) Three Hundred and Six"; and five other numbered land lots, all in the 1st District and 4th Section of originally Cherokee now Haralson County containing in all one hundred

acres more or less, which land lots last referred to are not here involved. The defendants objected to the admission of this deed on the grounds that there is no demise laid in the petition upon which it could be based; that it is irrelevant and immaterial, and the description contained in the instrument is vague and indefinite and lays the land lot in a different district and section from that laid in any demise in the petition. It was not error to admit this deed in evidence. It described the land lot in question as being in the 8th District and 5th Section of Haralson County, placed title thereto in one of the plaintiff's predecessors in title, and was therefore not irrelevant because it involved other land lots in a different district and section not involved in the present proceeding. A demise need not be laid on each deed before it is admissible in evidence. *Hobby* v. *Alford*, 73 *Ga.* 791 (2); *Nolan* v. *Pelham*, 77 *Ga.* 262 (2c) (2 S. E. 639); *Wall* v. *L. & N.R. Co.*, 143 *Ga.* 417 (85 S. E. 325).

2. Grounds 4 and 5 of the motion for new trial complain of the admission in evidence of two deeds, one from I. M. Watson to Mina Watson, and the other from Mina Watson to R. M. Strickland, each forming chains in the plaintiff's title; the first describing the land conveyed as "all that tract or parcel of land lying and being in the 1st District and 4th Section an undivided half interest in the following parcels of land, to-wit: 127 acres in Land Lot 306 and 100 acres in portions of" five other numbered Land Lots, "all original Carroll now Haralson County, Georgia," and the other deed describing the land as "all that tract or parcel of land lying and being in the 1st District and 4th Section in Land Lot 306," and 100 acres in other numbered fractional Land Lots, "in originally Carroll now Haralson County, Georgia." The grounds of objection offered were that these instruments did not describe the property in litigation, and were not proper as color of title to the land in question. In connection with these deeds, there was admitted the testimony, as set out in special ground 2 of the motion for new trial, of the witness Driver, "an attorney at law," as to the correctness of a county map on file in the office of the Clerk of Haralson Superior Court, which was also introduced in evidence, and showed that there was only one Land Lot 306 in Haralson County, and that it was located in the 8th District and 5th Section of said county, and that there was no such numbered Land Lot in the 1st District

and 4th Section; that the other numbered land lots referred to in these deeds were located in the 1st District of originally Cherokee now Haralson County, Georgia, and north of what is known as the Cherokee line, all of which land lots were known as the Gold Land Lots, and that these land lots contained 40 acres each; that Land Lot 306 is a fractional land lot lying south of the Cherokee line in what was formerly Carroll County and is now Haralson County, in the 8th District and 5th Section, the full land lots south of the Cherokee line containing 202½ acres. Under this evidence that there is no land lot in Haralson County numbered 306 in the 1st District and 4th Section, and that the only Land Lot 306 in Haralson County is in the 8th District and 5th Section, it was a question for the jury to determine whether the grantor in these deeds intended to convey fractional Land Lot 306 in the 8th District and 5th Section, and incorrectly stated the number of the district and section. See, in this connection, *Copeland* v. *Carpenter*, 206 *Ga.* 822 (59 S. E. 2d 245) ; *Johnson* v. *Duncan*, 90 *Ga.* 1 (16 S. E. 88) ; *McCaskill* v. *Stearns*, 138 *Ga.* 123 (74 S. E. 1032) ; *Moore* v. *McAfee*, 151 *Ga.* 270 (3) (106 S. E. 274) ; *Hatton* v. *Johnson*, 157 *Ga.* 313 (9), 324 (121 S. E. 404) ; *Harmon* v. *First Nat. Bank of Columbus*, 50 *Ga. App.* 3 (176 S. E. 833). Under the foregoing authorities, it was not error to admit the testimony of the attorney as to the correctness of the county map, and the fact that a copy of the map properly certified by the Secretary of State would be another method by which this could be established does not require a different ruling. *Bunger* v. *Grimm*, 142 *Ga.* 448 (4) (83 S. E. 200, Ann. Cas. 1916C 173) ; *Copeland* v. *Jordan*, 147 *Ga.* 601, 602 (11) (95 S. E. 13).

3. While, under Code § 38-308, declarations by a person in possession of property, in disparagement of his own title, shall be admissible in evidence in favor of anyone and against privies, it was error, as complained of in ground 3 of the amended motion for a new trial, to admit the testimony of the witness Green as to a statement made by one Alred as to who owned the land here involved, which adjoined him, neither of these persons being in possession of the land and neither being in privity with either of the parties to the present proceeding.

4. The 7th ground of the motion for new trial, complaining of the charge defining color of title upon the ground that it was not properly adjusted to the pleadings and evidence, and was

not applicable to the issues and evidence in the case, is without merit. The defendants' plea and answer, after denying their guilt of the charges against them, alleged that they and those under whom they held have been in adverse possession of the premises sued for under color of title for more than seven years prior to the bringing of the plaintiff's suit, thus involving color of title.

5. In the charge to the jury, complained of in the 8th ground of the motion for new trial, the trial judge, after first instructing the jury that in order for the plaintiff to prevail in the case he must recover on the strength of his own title, further charged, "Likewise, the same rule applies to the defendants, that is, they must prove by a preponderance of the evidence that they have adverse title to the property and have had it for the period of time that they contend for under the different rules of law that I have given you." Under the law, the defendants would be entitled to prevail in the case if the plaintiff failed to establish his title to the property as alleged (Code § 33-101), and would not be required to prove by a preponderance of evidence that they had adverse title to the property. This was an erroneous charge, calculated to mislead and confuse the jury, and placed upon the defendants a greater burden than that imposed upon them by law. *Young v. Looper*, 211 *Ga.* 470 (86 S. E. 2d 293).

6. While the charge, complained of in ground 6 of the motion for new trial, stating that "the simple question in the case is whether the plaintiff, Mr. Lester, owns the land in question or whether defendants, Morgan, have a proper claim and a legal claim to the land in question," does not contain a completely accurate statement of all the questions presented by the record for determination by the jury, since a new trial must be granted because of the errors pointed out in the 3rd and 5th divisions of this opinion, any inaccuracies in the charge here complained of can be corrected on another trial.

7. The general grounds of the motion for new trial, consideration of which would require reference to the purported brief of the evidence, will not be passed upon. 42 of the 136 pages, which purport to be a brief of the evidence, contain objections of counsel to the admission of evidence, arguments of counsel in support of the objections, rulings of the court, colloquies be-

tween counsel and the court, and other irrelevant matter. *Evans* v. *Anderson*, 214 *Ga.* 838 (108 S. E. 2d 268).

Judgment reversed. All the Justices concur.

ARGUED OCTOBER 13, 1959—DECIDED NOVEMBER 4, 1959.

*Murphy & Murphy*, for plaintiffs in error.
*Harold L. Murphy, D. B. Howe*, contra.