STANFORD, administrator, *v.* BAILEY *et al.*

The courts of this State are bound to take judicial notice of the boundaries and the relative location of its various counties, as originally laid off; of the governmental survey of its territory, whereby the same was, agreeably to lawful authority and direction, divided into districts, each containing land lots of a given shape and size, designated by numbers; and also of the effect of all legislative enactments creating new counties and fixing the boundary lines thereof. When, in the light of the facts which a court may properly recognize judicially, a lot of land described in a grant from the State can be located, the grant should be admitted in evidence without any accompanying proof, if relevant to the case on trial.

Argued January 30,— Decided March 8, 1905.

Action of trespass. Before Judge Parker. Ware superior court, April 25, 1904.

*S. W. & J. W. Hitch,* for plaintiff.
*Toomer & Reynolds,* for defendant.

EVANS, J. This was an action for damages for an alleged trespass on lot of land number 524 in the 8th district of Ware county. In proof of his title, the plaintiff offered a grant from the State to Marshall H. Wellborne to lot 524 in the 8th district of Appling county, dated February 21, 1850. Objection was made to the admission of the grant, on the ground that it purported to convey a lot of land in Appling county, and was therefore irrelevant. The court excluded the grant, and the plaintiff, being unable to proceed further with proof of title, suffered a nonsuit. He excepted to the judgment of nonsuit and to the exclusion of the grant from evidence.

The rejected grant was issued under the act of December 19,

1840, authorizing the issuance of grants to reverted lands in certain counties, among which Appling was included. The survey was made in 1820, but the grant did not issue until 1850. In the meantime the county of Ware had been organized and laid out, and embraced within its confines that portion of Appling county which was thus described in the act of December 15, 1824 (Daw. Comp. 127): All that part or territory lying south of a boundary formed by "beginning on the line between Wayne and Appling counties, at the line dividing the lots five hundred and five hundred and one, in the fourth district of Appling county, running a due west course through the fifth and sixth districts of Appling county, until it strikes the Irwin county line." As a result of this division, the whole of the 8th district of Appling county was transferred to and became a part of the new county of Ware, which has never since been resurveyed and divided into new districts, so that what was originally the 8th district of Appling county is now known as the 8th district of Ware. The original land lots remain the same, and the lot to which the plaintiff claims title is now number 524 in the 8th district of Ware county, as alleged in his petition, though before that county was created it was in the 8th district of Appling and was known by the same number. Of all this we may take judicial cognizance. 17 Am. & Eng. Enc. L. (2d ed.) 912-914. We are bound to notice, without proof, the boundary lines of the counties originally laid off in accordance with the governmental survey, which divided the counties into districts, designated by numbers, and subdivided the territory embraced within these counties into original land lots, also duly numbered. This plan of division and subdivision was in accordance with law, and the original plats showing the boundary lines and relative location of the districts and land lots in each county are now to be found of record in the office of the secretary of State. Likewise are we bound to notice judicially the effect of the act of 1824, creating the county of Ware, whereby the land lot described in the plaintiff's petition became lot 524 of the 8th district of that county. We may also take cognizance of the fact that there has since been no resurvey of the territory embraced in that county nor any renumbering of the original land lots into which the county of Appling was divided. The act of

December 19, 1840, authorizing grants to be made of all reverted lands in what was originally Appling county (Cobb's Dig. 703), made no mention of the new county of Ware, previously created, the legislative scheme evidently being that the grants should describe the land lots which had reverted to the State as having been, under the original survey, designated by given numbers in a given district of originally Appling county, irrespective of the county in which the land lots might then be located. Any other scheme would have been, if not wholly impracticable, at least confusing, as none of the new counties formed from those originally laid out had been resurveyed and laid out in new districts and land lots. The grant which the plaintiff offered in evidence referred to that act; recited that it authorized "any citizen of this State (upon certain conditions in said act stated), after certain dates therein mentioned, to take out in his own name a grant or grants for any lot or lots of land in the counties of *originally* Early, Irwin, Appling, Hall, Habersham, and Rabun, which shall not then be granted," and the grant described the lot conveyed as one which had reverted to the State and was being granted in pursuance of the act of 1840, the same being "situated, lying, and being in the eighth district of Appling county in the said State, which said tract or lot of land is known and distinguished in the plan of said district by the number five hundred and twenty-four, having such shape, form, and marks, as appear by a plat of the same" to the grant annexed. Thus it will be seen, from the recitals of the instrument, that its purpose was to grant a certain lot in a designated district of Appling county as originally laid off, not a lot embraced within the territory of that county as it then existed. The lot referred to was at that time, as has been remarked, in Ware county; but for the grant to so recite was unnecessary. Nor was it necessary to prove, this fact, as a condition precedent to introducing the grant in evidence; for of the location of the lot therein described the trial court should have taken judicial notice.

*Judgment reversed. All the Justices concur.*