## McCASKILL *v.* STEARNS.

1. Early county was laid out by virtue of an act approved December 15, 1818, which provided that its territory should be laid off into districts, and subdivided into lots of 250 acres each.  Decatur county was formed from Early county in 1823, and embraced the 15th district; and Baker county was formed from Early county in 1825, after Decatur county

was carved out of it. A deed executed in 1842, conveying "those tracts or parcels of land being in the county of Baker, formerly Early county, as follows: in the 15th district, lots . . 76, 77, 90, 83, 84, . . each lot containing 250 acres, more or less," is to be construed as conveying the lots in the 15th district of Decatur, formerly Early county. The statement, the "land being in the county of Baker," is matter of general description, and must yield to the more particular description in the deed, which locates the land in Decatur county.

2. A deed to described wild land by the executors of a general devisee of the deceased former owner, taken by the vendee therein for value and without notice of a deed to the same land executed by the testator, although recorded before the registry of the older deed, does not obtain priority over such senior conveyance.

APRIL 9, 1912.  REHEARING DENIED MAY 14, 1912.

Action of trespass. Before Judge Frank Park. Decatur superior court. July 5, 1911.

*Russell & Custer* and *T. S. Hawes,* for plaintiff in error.

*Pope & Bennet, W. D. Sheffield,* and *R. G. Hartsfield,* contra.

EVANS, P. J. Grants were issued by the State of Georgia to Farrish Carter, to lots of land 76, 77, 83, and 84 in the 15th district of originally Early county, on July 16, 1842. On the same day Farrish Carter conveyed by deed to Kerr Boyce certain lots of land described as follows: "those tracts or parcels of land being in the county of Baker, formerly Early county, as follows: in the 15th district, lots 2, 5, 7, 8, 9, 37, 38, 45, 46, 76, 77, 90, 83, 84, 87, 107, 132, 276, 339, 340, 347, 349, each lot containing 250 acres, more or less." By intermediate deeds lots 76, 77, 83, and 84, in the 15th district of originally Early, now Decatur county, were conveyed to F. M. Stearns, who brought an action of trespass against J. C. McCaskill to recover damages for cutting the timber from these lots of land. On the trial of the case, the defendant objected to the deed from Farrish Carter to Kerr Boyce going in evidence, on the grounds, that it did not convey the property in controversy; that the deed purported to convey land in Baker county, and the lots of land had never been in Baker county, but at the time the deed was executed the lots were in Decatur county. The objection was overruled. A verdict was returned for the plaintiff, and the defendant brings error.

1. The controlling point in this case is as to the sufficiency of the deed from Farrish Carter to Kerr Boyce as a conveyance of lots of land 76, 77, 83, and 84 in the 15th district of originally Early, now Decatur county. In 1818 the State of Georgia formed three

counties out of the territory lately ceded by the United States, which had been obtained from the Creek and Cherokee nations of Indians. Early county is one of them. It was provided by the act defining its boundaries, that the county of Early should be laid off into districts of twelve miles and 40 chains square, and that the districts should be divided into squares of 50 chains, containing 250 acres. Lamar's Digest, 416. Under legislative authority the land was laid out into districts and lots as defined in the act creating the county of Early. In the year 1823, the county of Early was divided, and all of the territory lying south of a line "beginning where the district line dividing the fourteenth and twenty-sixth districts strikes the Chattahoochee river, and continuing said district line east to the corner of districts number ten and seventeen, in said county of Early, on the Irwin county line," was formed into the county of Decatur. Dawson's Comp. 126. In 1825 Early county was again divided, and the county of Baker was created, and included all the territory east of a line "beginning at the corners of the twelfth and thirteenth districts of said county, on the Decatur line, thence north on the district line between said districts and districts six and seven, until said district line shall strike the Pechitler Creek, thence up the main prong of said creek to the county line between the county of Early and the territory lately acquired of the Creek Nation of Indians." Dawson's Comp. 130. The courts of this State will "take judicial notice of the boundaries and the relative location of its various counties, as originally laid off; of the governmental survey of its territory, whereby the same was, agreeably to lawful authority and direction, divided into districts, each containing land lots of a given shape and size, designated by numbers; and also of the effect of all legislative enactments creating new counties and fixing the boundary lines thereof." *Stanford* v. *Bailey*, 122 *Ga.* 404 (50 S. E. 161). Inspection of the survey made pursuant to legislative authority discloses that lots 76, 77, 83, and 84 in the 15th district of Early county are located in the territory embracing Decatur county, and are not located within the territory organized into the county of Baker. The deed purports to convey land located in originally Early county. It is stated that the land is in the county of Baker. One or the other of these descriptions is incorrect. Either the location of the county or the land district is to govern. If only lands located in Baker

county passed under this description, then no land at all was conveyed, because there is no land lot or land district in Baker county answering to this description. But, if we reject the more general description ˙of Baker county, by reference to the public laws and records of this State the particular lots and district can be located with definiteness in the county of Decatur. A case much in point is Wilt *v.* Cutler, 38 Mich. 189. There the description in a deed made in 1840 stated that the land was situated in the county of Lenawee and territory of Michigan, and part of the land conveyed was assigned to a certain township and range. The township and range described were in Monroe county, and not in Lenawee county; and Michigan was no longer a territory at the time at which the deed bore date. In the construction of the deed it was held to convey the land in the township and range mentioned, and the general description by the name of the county was rejected. A deed should not be construed so as to render the act of the maker a vain thing, if a construction can be given to it which will effectuate the maker's intention, and at the same time not be prejudicial to the rights of others. A deed will not be held void for uncertainty from the fact that the description in part is false or incorrect, if there are sufficient particulars given to enable the premises intended to be conveyed to be identified. 2 Devlin on Deeds, § 1016. Now, it would seem to be clear that the purpose of the grantor was to convey land which had been granted to him, and which was known by certain lot numbers, and as located in the 15th district of originally Early county. The grantor erroneously believed that the newly formed county of Baker embraced this territory. It is certain that he was mistaken. We give effect to his intention by applying the particular description to the land conveyed, and rejecting the more general description that it is located in the county of Baker. Third parties can not be prejudiced by this construction, for the reason that there is no land in Baker county which would answer to the description, but there is land in Decatur county which the description will fit. We therefore hold that the deed was an effective conveyance of land lots 76, 77, 83, and 84 in the 15th district of originally Early, now Decatur county.

2. The defendant also traced his title from Farrish Carter. It appeared that Farrish Carter died testate, and that his will was duly probated; and in it he made numerous devises and various

bequests, but did not mention the property in controversy.. Samuel Carter was made the residuary devisee. In 1903 the executors of Samuel Carter leased to the defendant the right to turpentine the property in controversy, by virtue of an order from the court of ordinary, describing the land as wild land. The deed from Farrish Carter to Kerr Boyce was recorded a few months after the lease to the defendant from the executors of Samuel Carter; and it is the defendant's contention that, under the recording acts, his lease, being recorded prior in time, is superior to the deed from Farrish Carter to Kerr Boyce. "A deed to described wild land, executed by the general devisees of the deceased former owner, taken by the vendee therein for value and without notice of a deed to the same land executed by the testator, although recorded before the registry of the older deed, does not obtain priority over such senior conveyance." *Henderson* v. *Armstrong*, 128 *Ga.* 804 (58 S. E. 624).

*Judgment affirmed. All the Justices concur, except Atkinson, J., disqualified.*