### PIKE *v.* ASHLEY *et al.*

No. 10081. AUGUST 9, 1934.

*C. J. Taylor, Fred Powell,* and *W. E. Perry,* for plaintiff.
*Copeland & Dukes,* for defendants.

BECK, P. J. Roy E. Pike brought suit against William Ashley, J. D. Ashley, T. C. Ashley, and J. G. Ashley as executors and trustees of the last will of C. R. Ashley, deceased, and Ashley Trust Company, for injunction, receivership, and cancellation of a security deed or assignment from William Ashley to Ashley Trust Company; and for partition of property of the estate of C. R. Ash-

ley, alleging that William Ashley is indebted to the plaintiff in stated sums of principal, interest, and costs upon an execution issued from the city court of Valdosta on November 26, 1932, and interest on the principal sum from the date of the execution; that William Ashley is a legatee under the terms of the will of C. R. Ashley, probated in solemn form on April 6, 1926; that J. D. Ashley, T. C. Ashley, and J. G. Ashley are the executors and trustees under the will, duly qualified and acting thereunder; that William Ashley, on June 8, 1928, executed to Ashley Trust Company an assignment of all of his right, title, and interest in the estate of C. R. Ashley, and this assignment was recorded on June 13, 1928, in the clerk's office of the superior court of Lowndes County, a copy of the assignment being attached to the petition. It is contended by plaintiff that the interest of William Ashley in the estate of C. R. Ashley, under the terms of the will, became vested upon probate of the will, and that the deed of assignment from William Ashley to Ashley Trust Company is void, although executed and recorded more than four years prior to the date plaintiff's execution was obtained, and prior to the time, according to the answers of the several defendants, that plaintiff's indebtedness against William Ashley came into existence. The plaintiff further insists that the instrument fails to sufficiently describe any particular property, either real or personal.

In the will of C. R. Ashley it is provided (item 1) that Ashley Trust Company is to be sole executor, with direction that said corporation shall exercise entire control and management of the estate for the period of its appointment, subject only to the directions, authority, powers, and limitations therein set out. By a codicil, executed and published on July 25, 1925, J. D. Ashley, T. C. Ashley, and J. G. Ashley, sons of the testator, were designated as executors to act instead of Ashley Trust Company; and by the terms of this codicil it is provided that the executors so appointed shall have all the powers and be subject to all the directions, authority, and limitations set out in the original will, so that in other respects the terms and provisions of the original will remain unchanged.

Item 2. "It is my will that immediately upon my death the legal title to all my property, real or personal, including life-insurance money to which my estate will be entitled at my death, shall vest in

my said executor, upon the uses and trusts hereinafter declared and set out, and there remain for and during the period of thirty years or for and during the period of twenty-one years and nine months after the death of the last to survive of my children or grandchildren in life at my death, should contingency happen within the thirty years period aforesaid."

Item 3. "My said executor shall, upon its qualification, take charge of all my property and investments. It shall keep my real estate in good repair, carrying insurance in reasonable amount on improvements, pay the premiums thereof, pay such lawful assessments as may be made against it and all taxes lawfully required. It is my desire that my rental property be kept occupied at all times, as nearly as can be done, by desirable tenants, and that the rent due my estate be paid and collected promptly. I also wish that such repairs as it may be necessary to make from time to time be made promptly and economically. And in order that this item of will may be carried out as I would have it done, and without too great a burden upon my executor, I hereby direct that my said executor employ my son, J. D. Ashley, to co-operate with and assist it in carrying out the directions hereinabove in this item set out, and that for his services in so doing he be paid the sum of $50 per month, from the income of my estate."

Item 4. "It is my will, and my said executor is hereby empowered and authorized to sell any part or all of my real estate, except as hereinafter stated, should it deem it to be to the best interest of my estate to do so; and in the event it desires to exercise such power, it shall have the right to make such sale or sales privately or publicly, with or without notice, as it may deem best and without any order of court, and upon such terms to the purchaser as may be, in its judgment, most advantageous; and in order to carry out the foregoing provisions hereof, my said executor is hereby authorized and empowered to execute bonds for title, and, upon payment in full, to execute deeds of conveyance. Provided, however, that the foregoing power and authority to sell real estate does not and shall not apply to any real estate located within the City of Valdosta, as to which it is my will that it be kept by my said executor, in accordance with the provisions hereof, until the final sale or division of my estate; and as to said real estate, located within the said City of Valdosta, my said executor shall have no

power to sell the same before the said final sale or division of my estate."

Item 7. "I will and direct that upon my death the net income from my estate be equally divided among my wife, Charlotte McMullen Ashley, and all my children, born and to be born; that is, the share of my said wife in the income shall be equal to the share of any one of my children, and the shares of income of each and all of them shall be paid over to them, or to their guardian, where minors, on the 15th day of every month. In the event my said wife shall marry again after my death, her interest in both the income and the corpus of my estate shall cease, and whatever she may have had from the income or corpus of my estate at and prior to such marriage shall constitute her share of my estate, and she shall have no other interest, present or future, therein. In the event of the death of any of my children, whether before or after my death, leaving issue, such child or children shall stand in the place of its or deceased parent, and take, share and share alike, the part of the income from my estate that would go to such a deceased parent if in life; and upon the death of the issue of such child or children, leaving issue being my great grandchildren, then such last-mentioned child or children shall stand in the place of its or their deceased parent and shall receive the portion of the income from my estate that would go to such a deceased parent if in life; in all cases the issue of my children and their children and so on shall take per stirpes and not per capita. In the event of the death of any of my sons leaving a wife and no issue, such wife shall during her widowhood only receive the proportion of the income from my estate that would have gone to her deceased husband."

Item 10. "I will and direct that upon the completion of its trust, as hereinbefore set out, and at the time declared in item two (2) hereof, my said executor shall sell all of my property, of every kind, before the court-house door in said county, at public outcry for cash to the highest bidder, within the legal hours of sale, after advertising the same in accordance with the law applicable to the sale of the real estate under ordinary levy by sheriff; no order of court shall be necessary in the making of such sale; and my executor shall be and is hereby empowered to execute all deeds of conveyance and transfers necessary in completing such sale. The proceeds of such sale shall be equally divided among my said wife, in the

event she is entitled hereunder to take, and all of my children, whether now issued [in esse] or born hereafter, or the descendants of my children, in the manner as hereinbefore provided relative to the division of the income among them. In the event all of the persons entitled to share in the final division of my estate, the consent and agreement of minors and persons not sui juris to be presumed upon the consent of their guardian or legal representative, consent and shall so elect, then my executor shall divide the assets of my estate in kind equally as hereinbefore provided, and deliver over the shares to the persons entitled to receive them; or, if they so elect, the persons entitled to receive the corpus of my estate may hold the same together for a longer time and enjoy the income therefrom as hereinbefore provided."

The court denied the prayers for receiver and for partition of the estate. The plaintiff excepted.

■ Under the provisions of all the items of the will of C. R. Ashley, material to a consideration of the issue here involved, an executory trust was created in favor of William Ashley and certain other legatees and devisees.

■ The will was not invalid or ineffectual because of insufficiency of the description of the property bequeathed and devised by the testator. The general description contained in the will was sufficient.

■ The description of the property devised and bequeathed in the will being sufficient, the assignment by William Ashley of all his right, title, interest, and equity in the estate of C. R. Ashley, and of all the income to which William Ashley is and may be entitled under the terms and provisions of the will, was sufficient to convey to the assignees the interest thus described, as the same can be determined by reference to the will of C. R. Ashley, to which reference is made in the assignment.

■ In view of the rulings made above, the court did not err in refusing the injunction and other equitable relief prayed.

*Judgment affirmed. All the Justices concur.*