UNION CENTRAL LIFE INSURANCE CO. *v.* SMITH.

No. 11636. FEBRUARY 11, 1937. REHEARING DENIED MARCH 22, 1937.

162

*W. A. Slaton,* for plaintiff. *Lawson E. Thompson,* for defendant.

JENKINS, Justice. ■ A description in a deed of the property conveyed is sufficiently certain when it shows the intention of the grantor as to what property is conveyed, and makes the identification practicable. *Andrews* v. *Murphy,* 12 *Ga.* 431. The description in the deed on which the plaintiff relied in this action of ejectment, "all the land owned by [the grantor] adjoining [another larger tract particularly described by an attached plat] on the south and southwest lying between said tract and the Lexington and Washington concrete road, totaling about sixty acres," was not so vague, indefinite, or uncertain as to render the instrument void or to preclude the admission of parol testimony identifying the lot sued for as included within such description. See *Rumble* v. *Strange,* 154 *Ga.* 512 (2), 517 (114 S. E. 881); *Bennett* v. *Green,* 156 *Ga.* 572, 575 (119 S. E. 620); *Allen* v. *Smith,* 169

*Ga.* 395 (7) (150 S. E. 584); *Thompson* v. *Hill,* 137 *Ga.* 308 (3), 317 (73 S. E. 640).

■ The plats and oral testimony were sufficient to authorize a finding that the gin-house lot sued for was included in the quoted description contained in the security deed, since the jury could have found: (1) that the gin-house lot in dispute belonged to the plaintiff's grantor at the time the security deed to the plaintiff was executed; (2) that it lay south and southwest of the 1006-acre tract between it and the Lexington and Washington concrete road; and (3) that the 60-acre tract was "adjoining" the 1006-acre tract, and the gin-house lot was a part of the 60-acre tract, and as such was itself "adjoining" the 1006-acre tract. This is true for the reason that even though, as indicated by the plats, the 60-acre tract, like the 1006-acre tract, may have been traversed by a "Clark's Road," which may have marked the boundaries of the gin-house lot, the presence of such a "road within the 60-acre tract, and even though a public road, would not necessarily operate, especially under the terms of the description in the deed, to destroy the identity of any part of that tract, so as to prevent the disputed lot, although segregated by any such road, from being a part of the 60-acre tract as thus bisected or traversed. There was some oral testimony as to a "street" or alley near the lot in dispute; but the plats do not indicate any street or alley, and show only the "Clark's Road" referred to, and this testimony shows that the "street" was mostly planted in cotton and had never been taken over by the city, and that the alley did not extend behind the gin-house lot. The evidence did not suggest the existence of a "public road" or any sort of road between the 1006-acre tract and the 60-acre tract. Accordingly, what the effect might have been, if such had been shown, is not considered.

The further contention that the description in the deed was not supported by parol testimony, for the reason that such testimony referred to the highway on which the gin-lot in dispute fronted as "Lexington Avenue," instead of the Lexington Road, as described in plaintiff's security deed, after such highway came within the corporate limits of Washington, in which the gin-lot was located, is without merit, since the witnesses except the defendant used the words "road" and "avenue" interchangeably, and the jury was authorized to find from all the testimony that the "avenue" as

referred to was but the one and only continuation of the identical "road" that was described in the deed.

■ "A fraud may be committed by acts as well as words; and one who silently stands by and permits another to purchase his property without disclosing his title is guilty of such a fraud as estops him from subsequently setting up such title against the purchaser." Code, § 105-304. No issue was made upon the plea of estoppel, under this section, by the testimony of the defendant that at the time he bought the lot in dispute at a sale under an execution, and obtained the sheriff's deed, the present attorney of record for the plaintiff was at the court-house, but did not inform the defendant as to the plaintiff's title or claim, and "I think he was attorney" for the plaintiff, where there was no evidence that such attorney had been employed by the plaintiff, before the sale, with regard to any part of the subject-matter of this suit, where there was no evidence of any other agency existing at that time, and where under the undisputed testimony the agency or employment of the attorney with reference to the property in dispute or any of the subject-matter of this suit did not begin until two years after the judicial sale. In the absence of any evidence as to agency which might have authorized a finding that an estoppel was created against the plaintiff, it was error likely to have confused the jury to give in charge to them the instruction thereon, as set forth in the statement of facts.

On consideration of the motion for rehearing, the opinion as delivered on February 11, 1937, has been somewhat altered and enlarged. The judgment is the same.

*Judgment reversed. All the Justices concur.*