## 26205. H. C. HOWER LUMBER COMPANY *v.* GORSUCH *et al.*

DECIDED JUNE 15, 1937.

*E. R. King, H. A. Wilkinson, Henry Wilkinson,* for plaintiff.
*M. C. Edwards, Tom Edwards, Tom Methvin,* for defendants.

GUERRY, J. Action by H. C. Hower Lumber Company for breach of warranty contained in conveyance of certain timber. The petition alleged that in 1925 the defendants conveyed to the plaintiff "all and singular the timber on the following described lots or parcels of lands to wit: Lots Nos. 175, 177, 178, 179, 180, 208, 207, 173, and that portion of lot 174 south of Central of Georgia

R. R., containing 1250 acres, bounded on the north by Central of Ga. R. R., and on the east by run of Pataula Creek, and on the south by Will Moore, Mrs. Ed. Griffin, Mrs. Earl Williams, Mrs. J. O. Saunders, and on the west by Mrs. J. O. Saunders, Mrs. Will Roberts, G. F. Roberts, and G. F. Worthy; and lots Nos. 204, 152, 139, 153, 138, 151, and 136, bounded on the north by Mrs. Surles home place, Tom Pinkston place, and Smitty Jack Creek, on the east by Dean & Moore and J. L. Balkcom, on the south by H. L. Balkcom and Dean & Moore, and on the west by Dean & Moore. The timber hereby leased and conveyed being 2095 acres of actual timber." A breach of the covenant of warranty of title is alleged in that defendants did not hold title to or possession of "(1) 124-1/2 acres off lot number 207, same being held and owned by Mr. Shirley, on which was located 200,000 feet of timber; (2) 50 acres of lot number 136, then owned by Dean & Moore, on which was located 50,000 feet of timber; (3) 100 acres off of lot number 204 then owned by J. J. Main, on which was located 150,000 feet of timber; (4) 39 acres off of lot number 152, then owned by Dean & Moore, on which was located 100,000 feet of timber." The jury returned a verdict in favor of the defendants. The plaintiff excepted to the overruling of a motion for new trial.

In the above description no county or district is specified, and the land conveyed is located only by natural boundaries and lines of the adjoining landowners. Except for these named metes and bounds, the description would be too indefinite to form a basis of a suit for breach of warranty of title. The only other warranty in the conveyance before us is the warranty as to the actual number of acres of timber contained in the tracts described and bounded as above set forth. Under the terms of the description, the plaintiff was limited in his action to a deficiency in the number of acres of timber on the land embraced within the metes and bounds named in the conveyance. As we view the evidence for the plaintiff, it failed entirely to show that the lands containing the timber here involved were within the metes and bounds above set out. The plaintiff pleaded and proved that defendants' owned only 150 acres of lot number 136, and that Dean & Moore owned 50 acres in this lot. Inasmuch as the only way to determine where such lot of land is located at all is by the lines of the adjoining landowners,

and the land of Dean & Moore, rather than the land-lot lines, being fixed as the boundary, no breach of warranty is shown because the defendants do not own the entire lot. "In construing conveyances of land, effect is to be given to every part of the description, if practicable; but if the thing intended to be granted appears clearly and satisfactorily from any part of the description, and other circumstances of description are mentioned which are not applicable to that thing, the grant will not be defeated, but ·those circumstances will be rejected as false or mistaken. What is most material and most certain in a description shall prevail over that which is less material and less certain. Courses and distances and computed contents yield to ascertained boundaries and monuments." *Harris* v. *Hull,* 70 *Ga.* 831. In the description in the conveyance before us, that which is most material and certain in the description is not the lot numbers, for these taken alone do not identify the county or the land district in the county, but is the natural boundaries and the lines of adjoining landowners. With the boundaries of the tracts conveyed, identified by these lines, they should determine the boundaries of the tracts, and not the land-lot lands within which they lie. There is no contention by the pleadings or the evidence that the lines of the adjoining landowners were not well established, nor were they in dispute. In *Ford* v. *Williams,* 73 *Ga.* 106, it was said: "Where the lines and courses of an adjoining tract are called for as a boundary in a deed or grant, the lines of such deed or grant shall be extended to them, without regard to distances, provided those lines and courses are sufficiently established." See also *Riley* v. *Griffin,* 16 *Ga.* 141 (9) (60 Am. D. 726); *Ingram* v. *Fisher,* 70 *Ga.* 745; *Maguire* v. *Baker,* 57 *Ga.* 109. The converse of this proposition would seem to be true also. Gorsuch Brothers conveyed to the plaintiff only such timber as was contained on the land within the metes and bounds described in the lease contract. There was not one particle of evidence to the effect that there were not, as to the· first tract conveyed, 1250 acres, or that there were not, in the entire conveyed land, 2095 acres of actual timber as stated in the conveyance, contained in the tracts conveyed in the deed bounded by natural lines and lines of adjoining landowners. If a lot, as contended in reference to lot number 204, was not within such metes and bounds, no title passed to plaintiff. On the other hand, if an

unnamed or unnumbered lot of land was contained within the boundaries, the plaintiff took title thereto. See *Benton* v. *Horsley*, 71 *Ga.* 619; *Ray* v. *Pease*, 95 *Ga.* 153 (22 S. E. 190) ; *Baker* v. *Corbin*, 148 *Ga.* 267 (96 S. E. 428). Under the allegations of the petition, the plaintiff assumed that the defendants were conveying to it all of certain described lots of land, containing so many acres, and that the land-lot lines were not coterminous with the natural boundaries and the adjoining landowners, and for that reason a breach of warranty occurred. The lease contained no such warranty, and under the evidence produced a verdict was demanded for the defendants. Under this ruling it becomes unnecessary to consider the various assignments of error on the charge of the court to the jury.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*