McGAHEE *et al. v.* McGAHEE.

No. 16190.   JUNE 17, 1948.   REHEARING DENIED JULY 16, 1948.

*Calhoun & Calhoun,* for plaintiffs in error.

*Houston· White,* contra.

CANDLER, Justice. (After stating the foregoing facts.) In the brief for the plaintiffs in error it is stated that the writ of error presents for decision these issues:

"First: Where there is no allegation of assent by an executor to a devise and no allegations of dominion or control of property devised, is the title of the devisee ever perfected to the extent that the property may be 'transferred'?

"Second: May the judgment of the court of ordinary on a subject exclusively within the jurisdiction of such court be set aside in an equitable action in the superior court where there is no attack on the jurisdiction of the court of ordinary or the regularity of its proceedings, and where there is no direct attack on the validity of the judgment rendered by the court of ordinary?

"Third: May the judgment of the court of ordinary in awarding a year's support to a widow be collaterally attacked in equity upon the ground of fraud?

"Fourth: May such judgment of the court of ordinary be set aside upon the allegation of fraud by one who failed to interpose a caveat or opposition to the award before the final judgment of the court of ordinary?

"Fifth: Where there is no allegation by one seeking to set aside the judgment of the court of ordinary awarding a year's support upon the grounds of fraud to the effect that the award was excessive, and where it does not appear that any objection has been made either in the court of ordinary or elsewhere that the said award was excessive, may the award be set aside in equity where on its face it appears that the court of ordinary has jurisdiction, and that the proceedings therein were regular and the citation was duly published?

"Sixth: Do the superior courts have the authority to determine

the excessiveness or non-excessiveness of an award of year's support by the court of ordinary (a purely statutory proceeding), in the absence of any objection before the award and in the absence of any allegation of excessiveness in the action instituted in the superior court."

Since no other questions which may have been raised by the demurrers have been argued or insisted upon here, we will confine our consideration of the case to the issues stated above.

■ We deal first with the question of the defendant husband's interest in the land devised to him by his father's will. It is strongly urged that no interest in the real estate here involved, which could be the subject-matter of a fraudulent transfer, passed to the defendant legatee. To this we do not agree, as we think that the petition as amended sufficiently alleged, as against general demurrer, that the defendant's inchoate title had become legal title by assent. It has been frequently held by this court that assent to a legacy places title in the devisee and is generally irrevocable. *Watkins* v. *Gilmore*, 121 *Ga.* 488 (49 S. E. 598); *Whatley* v. *Musselwhite*, 189 *Ga.* 91 (5 S. E. 2d, 227); *Cull* v. *Cull*, 39 *Ga. App.* 164 (146 S. E. 559). Assent may be expressed or presumed from conduct. Code, § 113-802. We shall not repeat the allegations of the petition as amended, as they are fully set out in our statement of facts, but suffice it to say, they were sufficient to allege that the defendant husband received his legacy (the property in controversy); that he owned it, and was receiving a monthly rental from it. Such was a sufficient allegation that he was in possession and control of the property devised to him. In 1849 this court, in *Jordan* v. *Thornton*, 7 *Ga.* 517, 520, said: "Assent to a legacy is necessary to enable a legatee to sue at law for his legacy. It is not necessary to show an express assent; it may be implied from the facts and circumstances. The assent, it is true, must be clear and unambiguous. The possession of the property willed, does make out a clear case of assent, by implication." And in the rather recent case of *Lewis* v. *Patterson*, 191 *Ga.* 348, 353 (12 S. E. 2d, 593), it was held: "Since there is a presumption that executors will perform their duties and will thus take care of estates entrusted to them [*Wilson* v. *Aldenderfer*, 183 *Ga.* 760, 189 S. E. 907], where nothing else appears, the assent of an executor to a legacy

may be presumed or implied from possession of the property by the legatee." To the same effect see *Parker* v. *Chambers*, 24 *Ga.* 518 (6); *Thaggard* v. *Crawford*, 112 *Ga.* 326 (37 S. E. 367); *Citizens Bank of Vidalia* v. *Citizens & Southern Bank*, 160 *Ga.* 109 (127 S. E. 219); *Haas* v. *Godby*, 33 *Ga. App.* 218 (3) (125 S. E. 897). Upon this issue the court did not err in overruling the demurrers. Moreover, if it could be said in the present case, as the plaintiffs in error contend, that the amended petition does not allege facts sufficient to show that the defendant husband's inchoate title to the realty devised to him had ripened into legal title through assent by the executrix, it would not follow that the court erred in overruling the demurrer, since the defendant's inchoate or equitable title is an interest which he may voluntarily convey. *Pike* v. *Ashley*, 179 *Ga.* 262 (175 S. E. 560); *Sanders* v. *Hepp*, 190 *Ga.* 18 (8 S. E. 2d, 87); *Brown Guano Co.* v. *Bridges*, 34 *Ga. App.* 652 (130 S. E. 695). This being true, it necessarily follows that it is an interest which may be the subject-matter of a fraudulent conveyance.

■ The second, third, and fourth questions present this proposition for decision: Has a court of equity jurisdiction to set aside a judgment in a year's support proceeding upon the ground of fraud, on the petition of a stranger to that proceeding who interposed no objection to the award prior to final judgment, there being no attack upon the jurisdiction of the court of ordinary or the regularity of its proceedings? We think that it has. The jurisdiction of courts of equity to vacate judgments obtained by fraud is well recognized. Code, § 110-710; *Langston* v. *Roby*, 68 *Ga.* 406; *Williams* v. *Lancaster*, 113 *Ga.* 1020 (39 S. E. 471); *Ford* v. *Clark*, 129 *Ga.* 292 (58 S. E. 818); *Giles* v. *Cook*, 146 *Ga.* 436 (91 S. E. 411); *Branan* v. *Feldman*, 158 *Ga.* 377 (123 S. E. 710); *Owenby* v. *Stancil*, 190 *Ga.* 50, 60 (8 S. E. 2d, 7). In *Wade* v. *Watson*, 133 *Ga.* 608 (66 S. E. 922), this court held that the superior court, in the exercise of its equity jurisdiction, upon appropriate pleadings, has power to set aside a judgment of the Supreme Court obtained by fraud. And in *Lester* v. *Reynolds*, 144 *Ga.* 143 (86 S. E. 321), it was held that the superior court in the exercise of its equitable jurisdiction may set aside a judgment of a court of ordinary procured by fraud, upon proper allegations and proof, and that the party seeking such relief

is not compelled to move to set aside the judgment in the court of ordinary. That case was a proceeding to set aside a year's support judgment. In *Smith* v. *Cuyler*, 78 *Ga.* 654, 660 (3 S. E. 406), Chief Justice Bleckley, speaking for the court, said, "Fraud is not a thing that can stand even when robed in a judgment." A wife and her minor children when living separate and apart from her husband have a legal demand upon him for support and maintenance, which we call alimony. Code, § 30-201. And to enforce this legal demand she may bring suit and in the same proceeding move to set aside any fraudulent transfer of his property. *Wood* v. *Wood*, 166 *Ga.* 519 (143 S. E. 770); *Blevins* v. *Pittman*, 189 *Ga.* 789 (7 S. E. 2d, 662); *McCallie* v. *McCallie*, 192 *Ga.* 699 (16 S. E. 2d, 562); *Peoples Loan Co.* v. *Allen*, 199 *Ga.* 537 (34 S. E. 2d, 811). In the present case it is urged that the plaintiff has no right to attack the year's support judgment because she failed to file objections to the award in the year's support proceeding prior to final judgment. There is no merit in this contention. This court held in *Jones* v. *Cooner*, 137 *Ga.* 681 (74 S. E. 51), that "only heirs, their privies, and creditors, may contest with a widow and minor children their right to a year's support out of the estate of the deceased husband and father." Such person must be actually "concerned" in the legal administration of the assets of the estate. *Mathews* v. *Rountree*, 123 *Ga.* 327 (51 S. E. 423). While it is true that creditors of the estate are entitled to contest the return of the appraisers for a year's support (*Goss* v. *Greenaway*, 70 *Ga.* 130; *Mulherin* v. *Kennedy*, 120 *Ga.* 1080, 48 S. E. 437; *Aiken* v. *Davidson*, 146 *Ga.* 252, 91 S. E. 34; *Lee* v. *English*, 107 *Ga.* 152, 33 S. E. 39), no such right exists in favor of a creditor of a legatee under a will. Such creditor is no more than a stranger and an interloper. *Montgomery* v. *McCants*, 49 *Ga. App.* 324 (175 S. E. 397).

We have held in the preceding division of this opinion that the allegations of the petition were sufficient to show that the defendant husband had such an interest in the property devised to him as to be the subject-matter of a fraudulent transfer, and as pointed out above equity has jurisdiction to set aside a judgment obtained by fraud. The allegations of the petition in the instant case, if true—and for purposes of the demurrer they are

so admitted—are sufficient to show that the defendant husband's property was included in the return of the appraisers for the purpose of defeating the plaintiff's right to recover alimony. Such, of course, is a fraud. The Code, § 28-201, declares: "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz: . . 2. Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment, and execution, or contract of any description had or made with intention to delay or defraud creditors, and such intention known to the party taking." The words, "and others," appearing in that section bring the plaintiff's claim for alimony within its provisions. *McDowell* v. *McMurria*, 107 *Ga.* 812 (33 S. E. 709, 73 Am. St. R. 155) ; *McVeigh* v. *Harrison*, 185 *Ga.* 121 (194 S. E. 208). "Fraud will authorize equity to annul conveyances, however solemnly executed, and to relieve against awards, judgments, and decrees obtained by imposition." Code, § 37-709. The taint of illegality is not removed from a fraudulent conveyance by employing a judgment of court instead of a voluntary transfer to effect the conveyance. First National Bank *v.* Flersheim, 290 U. S. 504, 54 Sup. Ct. 298, 78 L. ed. 465, 90 A. L. R. 391).

The terms of our statutes are broad enough to include every transaction by which creditors or others may be defrauded, and that is true whether a conveyance by a deed or a judgment be employed. "It is not the nature or form of the transaction, but the presence of the fraud, which brings the case within the prohibition of the statutes. . . Many devices and instruments have been resorted to for the purpose of covering up fraud; but whenever the law is invoked they are declared to be nullities; the law looks upon them as if they had never been executed. They can never be justified, or sanctioned by any new shape or cover, by forms or recitals, by covenants or sanctions which the ingenuity or skill or genius of the rogue may devise." 24 Am. Jur. 218, § 62. In the present case the allegations of the petition as amended were sufficient to allege that the year's support proceeding was brought as a part of a plan and scheme on the part of the defendant husband and Mrs. McGahee to place his property beyond the reach of any claim for support and maintenance that the plaintiff and her children might have. Such

proceeding being in law a fraudulent act, equity will not permit the judgment to stand when properly attacked.

█ The ruling on questions five and six is made in the third headnote and does not require further elaboration.

It necessarily follows from what has been said in the above three divisions that the petition as amended stated a cause of action, and the court did not err in overruling the demurrers thereto.

*Judgment affirmed. All the Justices concur, except Bell and Wyatt, JJ., absent on account of illness.*