COPELAND v. CARPENTER.

CANDLER, Justice. C. W. Carpenter brought a suit in the Superior Court of DeKalb County against John W. Copeland for damages under the Code, § 105-1411, and for injunctive relief, alleging that he had falsely and maliciously slandered the plaintiff's title to a described tract of land— 26.5 acres, more or less, located originally in Gwinnett, later Milton, but now DeKalb County, Georgia. On a former appearance of the suit, in *Copeland* v. *Carpenter*, 203 *Ga.* 18 (45 S. E. 2d, 197), we held that the allegations of the petition, as against a general demurrer, were sufficient to state a cause of action for the relief sought; but that the court erred in overruling the special demurrers to the petition, because the allegations respecting damage were not sufficiently specific. On the return of the remittitur to the trial court, and before it was made the judgment of that court, the plaintiff—over an objection that the trial court had no jurisdiction at that time to entertain an amendment, and that the facts pleaded by way of amendment were not germane to the plaintiff's cause—was permitted to amend his original petition so as to comply with the rulings of this court. To that judgment exceptions pendente lite were timely filed, and error has been properly assigned upon the same in the bill of exceptions. The jury returned a verdict in favor of the plaintiff, the defendant's motion for a new trial as amended was overruled, and he excepted. *Held*:

1. When a demurrer to a petition is overruled, and on exceptions to this court the judgment is reversed in whole or in part, on the return of the

remittitur to the trial court, and before it is made the judgment of that court, the petition may be amended, provided there is enough in it to amend by. Code, § 81-1301; *Augusta Railway Co.* v. *Andrews,* 92 *Ga.* 706 (19 S. E. 713); *Eagle & Phenix Mills* v. *Muscogee Manufacturing Co.,* 129 *Ga.* 712 (59 S. E. 804); *Jackson* v. *Security Insurance Co.,* 177 *Ga.* 631 (170 S. E. 787). In the instant case, the petition was amendable, the amendments objected to were timely offered, and there is no merit in the contention that the facts pleaded by the amendments were not germane to the plaintiff's cause; they only amplified, enlarged, and made complete the same cause of action intended to be set forth in the original declaration, and relieved it of the defects upon which we had previously adjudged it to be insufficient. Code, §§ 20-1404, 105-2004; *Grant* v. *Hart,* 197 *Ga.* 662 (30 S. E. 2d, 271).

2. The parties in the present case each claimed land in fractional lot 339, in district 6, of originally Gwinnett, later Milton, but now DeKalb County, from a common grantor; and the trial judge did not err, as here contended,- in admitting as evidence a deed offered by the plaintiff, dated January 20, 1874, from Elija Copeland (the common grantor) to George M. Carpenter, over an objection that the description thereof was not sufficient to identify the property which the grantor intended to convey. The deed was captioned "Georgia, Milton County," and contained these words of description: "all that tract or parcel of land lying on the south side of the Powers Ferry Road, belonging to Fractional Lot No. 339, three hundred and thirty-nine, containing fifty acres, more or less." The contention is that the deed did not show the county or land district in which the land purportedly conveyed was located. It will be presumed from the caption of the deed, nothing to the contrary appearing, that the grantor intended to convey land located in Milton County. *Horton* v. *Murden,* 117 *Ga.* 72 (3) (43 S. E. 786); *Blumberg* v. *Nathan,* 190 *Ga.* 64 (8 S. E. 2d, 374), and the several cases there cited. And we judicially know from official records on file in the office of our Secretary of State that the grantor intended to convey lands located in the 6th district of that county, because no other land district in Milton County had a "Fractional Lot" numbered 339. To the effect that we will take judicial notice of such records, see *Payton* v. *McPhaul,* 128 *Ga.* 510 (58 S. E. 50,.11 Ann. Cas. 163); *Darley* v. *Starr,* 150 *Ga.* 88 (102 S. E. 819); *Harper* v. *Hesterlee,* 152 *Ga.* 251 (109 S. E. 902). This court has many times held that, if the descriptive averments of a deed furnish a key by which the land can be definitely located or identified by the aid of extrinsic evidence, the description is sufficient to pass title. *Deaton* v. *Swanson,* 196 *Ga.* 833 (1) (28 S. E. 2d, 126).

3. The record shows that George M. Carpenter died June 4, 1894. He had previously executed a will, by the terms of which he gave his wife, Susanna Carpenter, who survived him, a·life estate in all of his property, real and personal. Mrs. Carpenter died December 20, 1912. A copy of the will was admitted in evidence over an objection by the defendant that no interest in any of his real estate passed to Mrs. Carpenter, because any description of the same as found in the will was too uncertain and indefinite to identify it. There is no merit in this. A general description, as "all of my land" in a certain town, county, or

824

State, is sufficient either for a will or deed. *Boney* v. *Cheshire,* 147 *Ga.* 30 (92 S. E. 636); *Rumble* v. *Strange,* 154 *Ga.* 512 (114 S. E. 881); *Pike* v. *Ashley,* 179 *Ga.* 262 (175 S. E. 560). It is well settled that the description of property bequeathed by a testator's will is sufficiently certain when it shows what land the testator intended to devise and makes its identification practicable. *Union Central Life Insurance Co.* v. *Smith,* 184 *Ga.* 158 (190 S. E. 651). It is definitely certain in this case that the testator intended to give his wife a life estate in all of that part of fractional lot 339, in district 6, as owned by him, and the trial judge properly admitted in evidence a copy of his will.

4. The plaintiff also tendered in evidence several other deeds constituting his chain of title for the land alleged to have been slanderd by the defendant. Numerous objections were interposed to their allowance; but after carefully examining the documents offered and fully considering the objections made to their introduction, we are convinced, and therefore hold, that the trial judge did not err, for any reason assigned, in allowing them in evidence; and no useful purpose would be served in dealing with the many objections to them separately. It is enough to say that a deed will not be held void for uncertainty because the description in part is false or incorrect, if sufficient particulars are given whereby the premises intended to be conveyed may be identified with certainty. *McCaskill* v. *Stearns,* 138 *Ga.* 123, 126 (74 S. E. 1032); *Burson* v. *Shields,* 160 *Ga.* 723 (5) (129 S. E. 22). Ascertained and well-established boundary lines in the descriptive averments of a deed will prevail over an incorrectly stated lot number or district; and that is true because that which is most material and most certain in a description of land will prevail over that which is less material and less certain. *Hower Lumber Co.* v. *Gorsuch,* 55 *Ga. App.* 860 (192 S. E. 76); *Gordon* v. *Trimmier,* 91 *Ga.* 472 (18 S. E. 404).

5. The defendant planted his defense squarely upon the theory that he was the owner of the land alleged to have been slandered, admitted the facts which the plaintiff alleged as constituting slander of his title, and in support of his defense of ownership introduced his claim of title originating in Elija Copeland—the deed out of the common grantor Copeland being dated March 2, 1886, and conveying to the grantee therein all of fractional lot 339, in district 6, except that part of the same which was sold by Elija Copeland in his lifetime. We have likewise carefully examined the record concerning the defendant's ownership of the land in question, and the deeds placed in evidence by him clearly and unquestionably show that his land is located north of, but fronting on Mount Vernon Highway or Powers Ferry Road. In other words, the record affirmatively shows that the parties own separate and distinct tracts of land under title from a common grantor; the plaintiff's tract being south of Mount Vernon Highway, the defendant's north of it.

6. Admittedly, the plaintiff was in actual possession of the land in question when this litigation was filed, and the evidence demanded a finding that he and his predecessors in title had been in actual adverse possession of it under written evidence of their title since 1874, their possession being public, continuous, exclusive, uninterrupted, and peaceable; that the defendant had fully recognized their title; and that

he had on one occasion during the latter part of 1945 offered to purchase it from the plaintiff at $65 per acre.

7. None of the remaining special grounds of the motion for a new trial shows any cause for a reversal. The evidence, together with the admissions made in the defendant's answer, was amply sufficient to show that the defendant had falsely and maliciously slandered the plaintiff's title to the land in controversy; and the amount awarded by the jury as damages for the injury complained of was supported abundantly by evidence. Consequently, the trial judge did not err in rendering the judgments excepted to.

*Judgment affirmed. All of the Justices concur.*

No. 17035    APRIL 10, 1950.    REHEARING DENIED MAY 11, 1950.

*Robert B. Blackburn* and *John Wesley Weekes,* for plaintiff in error.

*Augustine Sams,* contra.